**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAREES L. LINZY,** | ) | **Case No. 1:14 CV01558** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **CHRISTOPHER LAROSE,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter comes before the Court on Petitioner Carees Linzy's ("Petitioner") objections

to United States Magistrate Judge James R. Knepp, II's recommended decision that the instant

Petition for the Writ of Habeas Corpus ("Petition") be denied.  For the reasons that follow,

Petitioner's objections are overruled, the Magistrate Judge's Report and Recommendation

("R&R") is adopted, and the Petition is denied.

## I. Background

The procedural history of Petitioner's underlying state criminal case is fully recounted in

Magistrate Judge Knepp's R&R and need not be repeated in great detail here.  For present

purposes, the case may briefly be summarized as follows.  On March 27, 2012, a Richland

County Jury convicted Petitioner of two counts of murder, each with a firearm specification;

possessing a weapon under disability; carrying a concealed weapon; tampering with evidence;

and possession of criminal tools.  The convictions came in connection with the shooting death of

Gary Hall, which took place in the early hours of December 26, 2011, outside a bar in Mansfield,

Ohio.  Petitioner was sentenced to an aggregate sentence of 21 years to life incarceration with

five years post-release control.

After unsuccessful direct and collateral appeals in the state courts, Petitioner filed a

Petition for the Writ of Habeas Corpus in United States District Court, asserting four grounds for

relief:

> Ground One: The state failed to meet its burden of proof as evidence was insufficient to
> prove guilt beyond a reasonable doubt in violation of the Fifth and Fourteenth
> Amendments to the U.S. Constitution.
>
> Ground Two: Defendant was denied due process by trial court granting the State's
> Motion for Jury View of the scene of the crime as opposed by Petitioner in violation of
> the Fifth and Fourteenth Amendments to the U.S. Constitution.
>
> Ground Three: Defendant was denied due process by the denial of requested motion to
> continue which was abuse of discretion by trial court in violation of the Fifth, Sixth, and
> Fourteenth Amendments to the U.S. Constitution.
>
> Ground Four: Defendant was denied due process by the denial of requested instructions
> to the jury which was an abuse of discretion by the court.

Pursuant to Local Rule 72.2(b)(2), the Petition was referred to Magistrate Judge Knepp

for preparation of a Report and Recommendation ("R&R").  Respondent filed a return of writ,

and Petitioner filed a traverse.  On April 26, 2016, Magistrate Judge Knepp issued an R&R,

recommending that the Petition be denied.  Specifically, the Magistrate Judge concluded (1) that

all grounds for relief had been fairly presented to the Ohio Supreme Court; (2) that Grounds Two

and Four are non-cognizable claims in a federal habeas context; and (3) that Grounds One and

Three should both be denied on the merits.

On May 26, 2016, Petitioner filed timely objections seeking review of the Magistrate

Judge's recommendations with respect to Grounds One and Four.

### III. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). And, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### IV. Law and Argument

For the sake of clarity and consistency, the Court addresses the objected-to recommendations in the order that they were discussed in the Magistrate Judge's R&R, beginning with Ground Four and followed by Ground One.

#### A. Ground Four

Petitioner was tried for murder in violation of R.C. § 2903.02(A).  At trial, the court denied his request for the inclusion of jury instructions on lesser included offenses of voluntary manslaughter, involuntary manslaughter, and reckless homicide.  In Ground Four, Petitioner asserts that he was denied due process when the trial court excluded these instructions. Petitioner argues that because his case was a capital case, he was entitled to instructions on lesser-included offenses.

The Magistrate Judge rejected Ground Four as non-cognizable on habeas review, noting that while in certain capital cases there is a federal right to instructions on lesser included offenses, there is no such clearly established right in *non-capital* cases.  *See Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990).  Because the Petitioner's indictment clearly showed that he was charged with non-capital crimes, the Magistrate Judge reasoned, he is not entitled to relief.

However, while concluding that the claim was non-cognizable on habeas review, the Magistrate Judge recognized that certain state law infractions may serve as a basis for federal habeas review, if the state decision "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977).  The Magistrate Judge accordingly reviewed and considered, under the *Egelhoff* standard, the decision of the state court of appeals which affirmed the trial court's decision rejecting the requested jury instructions on lesser included offenses.

The issue for the state court of appeals was whether under Ohio law the trial record "contains evidence from which reasonable minds might reach the conclusion sought by the instruction."  The Magistrate Judge concluded that the court of appeals did not err when it decided that the record did not reasonably support jury instructions on voluntary manslaughter, involuntary manslaughter, and reckless homicide. Thus, because there was no error under state law, the Magistrate Judge reasoned, no deep-rooted principle of justice could have been offended under *Egelhoff*.

Petitioner objects to the Magistrate Judge's recommendation, but only with respect to his analysis on the voluntary manslaughter instruction.  Voluntary Manslaughter is characterized by

sudden passion or fit of rage brought on by serious provocation which is reasonably sufficient to incite the use of deadly force and knowingly cause death.  R.C. § 2903.03.  The Magistrate Judge noted that the state court of appeals found that the only evidence of provocation in the trial record was that the victim punched Petitioner in the face.  And he noted that there was no record evidence as to the words spoken between Petitioner and the victim.  The Magistrate Judge concluded that the state court of appeals reasonably concluded that this was insufficient provocation to lead an ordinary person to passions beyond his control.

Petitioner maintains that both the state court of appeals and the Magistrate Judge overlooked evidence on the record that would have supported a voluntary manslaughter instruction.  (Doc. #: 17 at 1-2).  Specifically, he cites to his own trial testimony, showing that there was evidence of the conversation between Mr. Hall and Petitioner:

> Q. And what was happening to Mr. Hall there?
>
> A. Mr. Hall was saying something to the fact that he was tired of my shit or my bullshit or something to that factor. And I asked him, What did I do? What's the problem? Why are you having this problem with me, basically.
>
> Q. And did you say it in that tone or what?
>
> A. No. More of an aggressive tone because I'm feeling that they're singling me out for some reason I haven't figured out yet.

(Doc. #: 5-9 at 56).  He notes there was also testimonial evidence of his state of mind:

> Q. Did you have any purpose to kill Mr. Hall?
>
> A.  No, I didn't have a purpose to do it.  I was angry.  I just wanted him to let me go, leave me alone.

(Doc. #: 5-9 at 62).

-5-

Petitioner is correct that the court of appeals and the Magistrate Judge did not acknowledge this testimony.  However, the Court is not convinced that, with the addition of this evidence, a voluntary manslaughter instruction would have been appropriate or that the court of appeals was unreasonable in its determination that it was not.  Moreover, assuming for the sake of argument that the state court of appeals did err in its determination, Petitioner has failed to demonstrate that this error "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  *Egelhoff*, 518 U.S. at 43.  Petitioner's objection is accordingly overruled, and the Magistrate Judge's recommendation is accepted.

**B. Ground One**

In Ground One, Petitioner argues the evidence at trial was insufficient to support his conviction for felony murder. The Magistrate Judge recommended that the Court reject this claim, reasoning that on habeas review, the state court of appeals was not unreasonable in its determination that any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*See* Doc. #: 16 at 19).

Petitioner objects, suggesting that if a voluntary manslaughter instruction had been given there would not have been sufficient evidence to support the murder conviction.  This objection is overruled.  First, as discussed above, there was no constitutional requirement that a voluntary manslaughter instruction be given.  Moreover, the presence or absence of a voluntary manslaughter instruction has no bearing on whether the evidence is sufficient to support Petitioner's murder conviction.  Petitioner's objection is accordingly overruled, and the Magistrate Judge's recommendation is accepted.

**C. Grounds Two and Three**

The Court's review is limited to those portions of the R&R to which Petitioner has objected.  Accordingly, because Petitioner does not object to the Magistrate Judge's recommendations as to Petitioner's Second and Third Grounds for relief, the recommendations thereto, being correct, are accepted.

## IV. Conclusion

For the foregoing reasons, the Petitioner's objections are overruled, the Magistrate Judge's R&R is adopted, and the Petition is denied.

**IT IS SO ORDERED.**

    */s/ Dan Aaron Polster    6/10/2016*
**Dan Aaron Polster**
**United States District Judge**